**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
Alan Gudino (SBN 326738)
*agudino@clarksonlawfirm.com*
Ryan D. Ardi (SBN 348738)
*rardi@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANGSHIN LEE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>DONOTPAY, INC., a corporation,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA AUTOMATIC RENEWAL LAW, BUSINESS AND PROFESSIONS CODE SECTION 17600, *et seq.*<br>2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.*<br>3. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, CIVIL CODE SECTION 17500, *et seq.*<br>4. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE SECTION 1750, *et seq.*<br>5. UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

# **TABLE OF CONTENTS**

**Page No.**

I.     INTRODUCTION ................................................................................ 3

II.    PARTIES ........................................................................................... 4

III.   JURISDICTION AND VENUE .......................................................... 6

IV.    FACTUAL ALLEGATIONS .............................................................. 6

V.     CLASS ACTION ALLEGATIONS .................................................... 18

COUNT ONE ............................................................................................. 24

COUNT TWO ............................................................................................ 28

     A.     "Unfair" Prong ......................................................................... 28

     B.     "Fraudulent" Prong ................................................................... 30

     C.     "Unlawful" Prong ..................................................................... 32

COUNT THREE ........................................................................................ 33

COUNT FOUR .......................................................................................... 35

COUNT FIVE ............................................................................................ 36

PRAYER FOR RELIEF ............................................................................. 37

JURY TRIAL DEMANDED ...................................................................... 39

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

CLASS ACTION COMPLAINT

Plaintiff Sangshin Lee ("Plaintiff") brings this action individually and on behalf of all other similarly situated purchasers (the "Class") of services from DoNotPay, Inc. ("DoNotPay" or "Defendant"). Plaintiff's allegations are based upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters predicated upon the investigation conducted by and through Plaintiff's attorneys. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein, after a reasonable opportunity for discovery.

## I.  **INTRODUCTION**

1.     Defendant claims to be the "Worlds First Robot Lawyer," offering consumers various legal services generated through Artificial Intelligence software.[1] These services include, but are not limited to, purportedly helping consumers fight parking tickets, draft defamation letters, fight medical fraud, and cancel free online trial subscriptions.[2]

2.     Plaintiff and other consumers paid Defendant to use its services, reasonably expecting to pay the advertised one-time payment of $36. Unbeknownst to Plaintiff and other consumers, Defendant engages in a fraudulent payment scheme whereby it: (1) automatically charges consumers $36 on a recurring basis without their knowledge or affirmative consent; (2) fails to clearly convey its auto-renewal terms to consumers for its services and fails to send confirmation of these terms in an email or other communication; and (3) fails to provide a clear or conspicuous method of cancellation on its website despite claiming its service "is easy to cancel at any time online." Defendant knowingly and intentionally conceals and obfuscates the true nature of its fraudulent payment scheme for its services to the detriment of unsuspecting consumers.

//

---

[1] *Home Page*, DoNotPay, https://donotpay.com (last visited Apr. 19, 2023).
[2] *Id.*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

3.      Defendant has engaged in unlawful and deceptive business practices harming California consumers and the general public in violation of California's Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq*. (the "UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL"), the California Consumers Legal Remedy Act, Cal. Civil Code § 1750, *et seq.* ("CLRA"), and California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600-17606, *et seq.* ("ARL"). Defendant has also been unjustly enriched as a result of its deceptive practices.

4.      Plaintiff seeks to (1) enjoin Defendant's unlawful practice of inadequate notice to consumers regarding the automatic renewal terms of its service, (2) enjoin Defendant's unlawful cancellation scheme, and (3) to recuperate restitution on behalf of the class for money wrongfully acquired by Defendant.

5.      Plaintiff alleges the following based upon information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges upon personal knowledge as to himself and his own acts and expenses.

## II.   **PARTIES**

6.      **Plaintiff Sangshin Lee.** The following is alleged based upon personal information: (1) Plaintiff is a resident of Los Angeles, California. (2) Plaintiff purchased Defendant's services for $36 from Defendant's website in or around June 2021. (3) In making his purchase, Plaintiff relied on Defendant's advertising scheme which misled Plaintiff to believe that Defendant's services would cost him a one-time payment of $36. Plaintiff paid the $36 to use Defendant's advertised services, including how to appeal a parking ticket and prevent spam emails. (4) At the time of purchase, Plaintiff was not aware that the service would automatically renew, or that it would be nearly impossible to cancel. (5) Plaintiff attempted to cancel his subscription services multiple times through Defendant's website but was unable to cancel the services. (6) If Plaintiff had known that he would be charged on a recurring basis without his consent and had known that Defendant's services would be near

impossible to cancel, he would not have purchased the service. (7) Plaintiff continues to see ongoing charges to his account from Defendant, despite attempts to cancel both with Defendant and with his bank. Plaintiff wants to purchase and utilize Defendant's services again in the future if he could be certain that he would receive the promised services, that he would receive proper notice of any recurring charges he would be subjected to, and that he could cancel if needed without difficulty. (8) Plaintiff is not personally familiar with, and does not possess any specialized knowledge, experience, or education regarding the sign up or cancellation features and attributes of online web service providers, and as such has no way of determining if Defendant's representations, statements, or services function as they are advertised. Accordingly, Plaintiff is at risk of reasonably, but incorrectly, assuming that Defendant fixed its practices such that Plaintiff may buy the service again, believing that he would not be charged on a recurring basis without his consent. (9) Plaintiff is, and continues to be, unable to rely on Defendant's representations about its policies, features, pricing, and sign-up/cancellation schemes.

7.    **Defendant DoNotPay, Inc**. Defendant is a United States based company and is responsible for sales of DoNotPay services across California and the United States. Defendant is incorporated in the State of Delaware and is likewise headquartered in the State of Delaware.[3] Defendant directly, and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, and/or distributor of the DoNotPay website. Defendant and its agents manufactured, created, advertised, marketed, controlled, and sold the products and services at issue in this jurisdiction and in this judicial district. The unfair, unlawful, deceptive, ambiguous,

---

[3] *Business Search*, California Secretary of State, https://bizfileonline.sos.ca.gov/search/business (last visited Apr. 19, 2023); *see also Business Name Search*, Delaware Department of State, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited Apr. 19, 2023).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

and misleading nature of Defendant's website and services was created, authorized, controlled, ratified, and/or approved by Defendant and its agents, and, accordingly, disseminated throughout the State of California and the nation by Defendant and its agents in order to deceive and mislead consumers into purchasing services from Defendant.

## III.  JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff (CA) and Defendant (DE) are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

9.   Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Defendant markets and sells services in this District, Defendant gains revenue and profits from doing business in this District, and consumers sign up for Defendant's services and pay the Defendant in this District.

10.   Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California and Defendant advertises and solicits business in California. Defendant has purposefully availed itself to the protections of California law and should reasonably expect to be hauled into court in California for harm arising out of its pervasive contacts with California.

## IV.  FACTUAL ALLEGATIONS

11.   **Defendant Violated California's Automatic Renewal Law.** California's Automatic Renewal Law was created with the intention of ending "the practice of ongoing charging of consumer credit or debit cards *without the consumers'*

*explicit consent* for [the] ongoing" payments.[4] For too long, businesses have established subscription and membership services in confusing and complex ways, seeking to lock consumers into plans which are, by design, difficult to cancel, so that consumers continue to pay for memberships they no longer use or desire, to the benefit of unscrupulous businesses. The ARL was enacted to offer consumers protection from such predatory business practices.

12.   The ARL requires companies like Defendant to: (1) present auto-renewal terms in a clear and conspicuous manner and get affirmative consent from consumers as to the terms of the automatically renewing charges before charging them, (2) provide consumers with a purchase acknowledgement including auto-renewal terms, cancellation policy, and cancellation instructions, and (3) provide an easy online cancellation method for consumers. Defendant's violation of the ARL has caused financial harm to Plaintiff and other consumers.

13.   **Defendant Failed to Present Auto-Renewal Terms in a Clear and Conspicuous Manner.** The ARL mandates that auto-renewal terms must be clearly and conspicuously presented to consumers on websites at the point of sale, which includes highlighting or bolding the automatic renewal terms to distinguish them from the surrounding text.[5] The ARL further requires that, before a consumer is charged, they "affirmative[ly] consent" to the terms of the automatic renewal.[6] Defendant fails to adhere to these requirements.

14.   In June 2021, while purchasing Defendant's services, Plaintiff did not see any terms on Defendant's website explaining the automatic renewal policy of its services for consumers to review and accept. Plaintiff saw only a section on

---

[4] *See* Cal. Bus. & Prof. Code § 17600
[5] *See* Cal. Bus. & Prof. Code § 17602(a)(1); *see also* Cal. Bus. & Prof. Code § 17601(c) ("'Clear and conspicuous' . . . means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text. . . in a manner that clearly calls attention to the language.").
[6] *Id.*

CLASS ACTION COMPLAINT

Defendant's website to enter his credit card information, as well as information indicating that the services would cost a one-time payment of $36.

15.    The purported auto-renewal terms currently present on Defendant's website still do not meet the ARL requirements, as they are not clearly and conspicuously written, and they do not require affirmative consent be given before a consumer is charged. The terms are placed in a small, gray text paragraph on the sign-up page, above larger credit card input boxes and a large green "START MEMBERSHIP" button which draws attention away from the terms. This does not meet the "clear and conspicuous" requirement under the ARL as the auto-renewal terms do not stand out from the surrounding text. *See* Figure 1 below.

**Figure 1: Defendant's Sign-Up Page**



16.    The phrase "subscription that renews automatically" lacks the required legal formatting under the ARL, such as bolding or setting it apart from the surrounding text. The phrase "$36 every two months," bolded and directly above the "START MEMBERSHIP" button, suggests to consumers that $36 unlocks Defendant's services for a two-month span and does not clearly indicate that it will charge consumers automatically every two months. Plaintiff believed that his initial

$36 was a one-time payment for Defendant's services and did not expect to be charged $36 more than once.

17.    Defendant also does not require consumers to check a box indicating they understand the terms of the automatic renewal, and likewise fails to obtain any other form of affirmative consent as to the terms of the automatically renewing scheme before charging consumers. Thus, consumers are not given the proper notice of the terms they are agreeing to prior to being charged by Defendant.

18.    **Plaintiff Was Misled By Defendant's Unclear and Ambiguous Sign-Up Scheme.** In June 2021, Plaintiff signed up online for DoNotPay's services, paying $36 in order to receive Defendant's services. Plaintiff reasonably believed, based on Defendant's representations, that he was paying a one-time payment of $36 for access to its services. Plaintiff never affirmatively assented to any automatic renewal scheme, and Defendant did not clearly and conspicuously explain this automatic renewal scheme.

19.    Defendant's home page features a list of services, each requiring payment of $36 to "Instantly Solve Your Problem," but nowhere is it disclosed that this payment will become an automatically recurring charge beyond the initial $36. *See* Figure 2, *infra*.

//
//
//
//
//
//
//
//
//
//

**Figure 2**



20.   Defendant charged Plaintiff without consent from June 2021 to the present, including two additional charges: one charge of $15 for spam email services, and an unidentified charge of $9.99. Defendant charged Plaintiff at seemingly random intervals until April 2022, when the charges finally began to appear on a consistent schedule, once every three months. These charges, along with an explanation for their inconsistent appearances, were never communicated to Plaintiff. *See* Figures 3 and 4 reflecting these charges.

//
//
//
//
//
//
//
//
//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**Figure 3**                        **Figure 4**




21.     Plaintiff only intended to purchase Defendant's service one time. There was no clear or conspicuous disclosure or terms on Defendant's website which explained this auto-renewal scheme to Plaintiff and consumers who purchased Defendant's services.

22.     Like Plaintiff, many consumers have reported that Defendant's sign-up page does not clearly disclose automatic renewal terms:[7]

   a. "This is a scam site and I can only assume it's still in operation because so many people haven't realized they've got scammed yet. On creation you'll be asked for bank information, I wasn't sure what all the site offered so I though[t] they had something like privacy.com where you can make burner credit cards, so I didn't think to[o] much of it. The

---

[7] *See* Appendix incorporated by reference and attached hereto for more consumer reviews regarding Defendant's failure to present its auto-renewal terms in a clear and conspicuous manner.

next day I check[ed] my bank account and they've taken out $36. ***Apparently they automatically sign you up for $36 quarterly payments when you create [an] account.***"[8]

b. "I was charged $36 and an ongoing subscription I never signed up for. ***No chargers were disclosed. No subscription service was disclosed.*** Nothing on the website is usable."[9]

c. "***DoNotPay is ironically the most predatory service I have ever used. They charged me $36 as well* as *started a paid subscription without my authorization* at all.***"[10]

d. "***No mention of subscriptions. . . . I normally see those listed and can decide before I waste my time.***"[11]

23.   Defendant's website does not clearly and conspicuously explain sign-up terms or auto-renewal terms before taking consumers' money, in clear violation of the law.

24.   **Defendant Failed to Provide Consumers with Adequate Purchase Acknowledgements**. The ARL requires that after a consumer accepts an automatic renewal offer, a business must provide an acknowledgment, in a form retainable by the consumer, that includes auto-renewal offer terms, cancellation policy, and details on how to cancel via an "easy-to-use" means.[12] Defendant fails to adhere to these requirements.

25.   Over the course of the two years following Plaintiff's initial purchase, Defendant failed to send Plaintiff any email communications relating to charges, auto-

---

[8] *DoNotPay Customer Reviews*, Trustpilot, https://www.trustpilot.com/review/donotpay.com (last visited Apr. 19, 2023).

[9] *DoNotPay Is A Scam?,* Reddit (2020), https://www.reddit.com/r/DoNotPay/comments/izbx7j/donotpay_is_a_scam_oh_good/.

[10] *DoNotPay Customer Reviews*, Better Business Bureau, https://www.bbb.org/us/ca/san-francisco/profile/legal/donotpay-1116-925387/customer-reviews (last visited Apr. 19, 2023).

[11] Review left on February 14, 2023 on Apple's iPhone App Store (no URL available).

[12] *See* Cal. Bus. & Prof. Code § 17602(a)(3)

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

renewal terms, or any information on how to cancel Defendant's services. The only email communication that Plaintiff has ever received from Defendant since he signed up in 2021 is an email which contained the parking ticket document that Defendant generated for Plaintiff. Notably, this communication did not contain Defendant's automatic renewal terms, cancellation policy, or details on how to cancel Defendant's service.

26.     Like Plaintiff, many consumers have reported never being sent any email confirmation or other communication to confirm their purchase, or to explain the terms of their purchase:

   a.   "[DoNotPay] charged my card on sign up, no indication they were going to do so. *No email sent [and] no way to log in*."[13]

   b.   "This app is a scam. [] *I never receive emails/ notifications/ texts/etc.*"[14]

   c.   "I was charged $36 and an ongoing subscription I never signed up for. *No chargers were disclosed. No subscription service was disclosed.*"[15]

27.     Defendant is not in compliance with the law as Defendant fails to email or otherwise send to consumers the requisite documents which explain the terms of the services they are purchasing.

28.     **Defendant Failed to Provide an Easy Online Cancellation Method**. The ARL requires businesses selling auto-renewal type subscriptions to offer hassle free cancellation schemes.[16] Specifically, it requires that businesses allow consumers

---

[13] *DoNotPay Is A Scam?,* Reddit (2020), https://www.reddit.com/r/DoNotPay/comments/izbx7j/donotpay_is_a_scam_oh_good/.
[14] Review left on June 19, 2022 on Apple's iPhone App Store (no URL available).
[15] *Id.*
[16] In July 2022, the cancellation policies of the ARL were modified to include additional and more precise guidelines that companies must adhere to. Nevertheless,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

13

to cancel services exclusively online, "at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately."[17] The online termination method must be either a prominently located direct link or button, located within a customer account or profile, device, or user settings, or an immediately accessible email formatted and provided by the business that a consumer can send to the business without additional information.[18]

29.   Cancelling subscription-based services is, in general, "confusing, difficult, [and] absurd."[19] This is by design. Online service providers partake in what are known as dark patterns, "tactic[s] used by online services to intentionally trick users into taking certain actions."[20] In fact, dark patterns have become so problematic that state and federal regulators have stepped into action, and class action lawsuits have been filed in cases where companies have crossed the line.[21]

30.   For example, in September of 2020, an online platform known as ABCmouse paid $10 million dollars to settle FTC charges of misleading marketing and billing practices.[22] ABCmouse required their members to navigate a "lengthy and confusing process that often prevented many consumers from being able to complete

irrespective of the old or new policy, the Defendant contravenes the ARL because cancelling their services is not a straightforward process and still in violation of the ARL. Even if a consumer sends an email requesting cancellation, the Defendant frequently bills them anyway.

[17] *See* Cal. Bus. & Prof. Code § 17602
[18] *Id.*
[19] Attila Tomaschek, *Cancelling Online Subscriptions is Confusing, Difficult, and Absurd*, CNET (Apr. 19, 2022), https://www.cnet.com/tech/services-and-software/canceling-online-subscriptions-confusing-difficult-absurd-by-design/.
[20] *Id.*
[21] *Id.*
[22] *Children's Online Learning Program ABCmouse to Pay $10 Million to Settle FTC Charges of Illegal Marketing and Billing Practices*, Federal Trade Commission (Sept. 2, 2020), https://www.ftc.gov/news-events/news/press-releases/2020/09/childrens-online-learning-program-abcmouse-pay-10-million-settle-ftc-charges-illegal-marketing.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

their cancellations," and in many instances the consumers found they were still continually billed, after cancelling, without their consent.[23] Defendant has likewise put Plaintiff and other consumers through various obstacles and hurdles while they attempt to cancel.

31. Defendant fails to comply with both methods required by ARL for cancellation: no button/link or pre-formatted email. This has been confirmed by both Plaintiff's personal experience and online consumer reviews.

32. **Plaintiff's Multiple Unsuccessful Attempts at Cancellation of Defendant's Services.** Plaintiff attempted to cancel Defendant's services on four separate occasions but was never able to properly cancel thanks to Defendant's confusing and ambiguous cancellation scheme.

33. *__Attempt Number One__*: Plaintiff purchased Defendant's parking ticket service in June 2021 under the impression it was a one-time payment of $36. In October 2021, Plaintiff was charged $36 again, as well as an additional charge of $9.99 for an unknown, unidentified reason. Following these surprising new charges, Plaintiff attempted to cancel on Defendant's website for 20 to 30 minutes, but found no clear instructions or accessible options to cancel as the ARL requires.

34. *__Attempt Number Two__*: After his unsuccessful attempt to cancel, Plaintiff tried to cancel again soon after, but was unable to log onto Defendant's website because the site was not sending him the required login code. Plaintiff decided again to return at a later point in time. However, as time passed, Plaintiff realized he was no longer being charged, and so was content that he did not have to cancel anything. Plaintiff went from October 2021 to March 2022 without being charged by Defendant. However, in April 2022, he was charged another $36 without his consent.

35. *__Attempt Number Three__*: When Plaintiff discovered the April 2022 charge, Plaintiff returned to Defendant's website to cancel, but was still unable to find

---

[23] *Id.*

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

any method of cancellation. Plaintiff subsequently discovered a page on his account which looked similar to the page in Figure 6 below.

**Figure 5**[24]



36.   Plaintiff saw that his "Active Subscription" would "Cancel on" a date in July 2022, and therefore reasonably believed his services would officially terminate at that time. However, in October 2022, Defendant charged Plaintiff's account another $36.

37.   ***Attempt Number Four*****:** After being charged again in October 2022, Plaintiff chose to contact his bank to dispute the charge and stop future charges from Defendant. The bank complied, but Defendant then charged Plaintiff another $36 in January 2023.

38.   To date, Plaintiff remains unable to cancel Defendant's services, and continues to be charged every few months. Many other consumers are also struggling to cancel Defendant's services, as exhibited by several consumer reviews:

> a.   "My mom got a verification code for Donotpay even though she never made an account. ***I tried to find a way to unsubscribe but there are no options to do anything other than to add a bank account***. I also tried to email, but the emails aren't going through."[25]
>
> b.   Scam company. . . . You have to automatically enter your payment (mainly bank) information before you can do anything on the site.

---

[24] Note that Figure 5 is not the exact page Plaintiff saw when attempting to cancel, because the "Cancels on" date differed at the time he saw the page.

[25] *Id.*

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Then regardless of what you choose they'll charge you. It's a scam to get you paying $36 a month regardless of what you do *and they'll never let you cancel it* unless you basically get rid of your bank account.[26]

c. **"[T]here is no way to cancel the subscription;** the support email address does not reply to inquiries, **and the app itself does not have a working option to do this."**[27]

d. "I just recently signed up, putting [in my] credit card information. It got me up for a year-long subscription which I never signed up for, and *I'm not seeing how I can cancel my card or account*. I'm going to email them right now, but otherwise I might have to cancel my card or talk to my bank to look at my options."[28]

e. "*I tried to cancel my account numerous times over several months both through the support at donotpay [] email address as well as through the app to no avail*. The only way I could get them to quit charging me was by having my bank freeze my account and issue me a new one."[29]

39.  As is clear from Plaintiff's personal experience with Defendant's services, as well as the plethora of online reviews, Defendant fails to offer consumers a legally compliant cancellation scheme. [30]

//

---

[26] *DoNotPay Customer Reviews*, Trustpilot, https://www.trustpilot.com/review/donotpay.com?page=2 (last visited Apr. 19, 2023).

[27] *DoNotPay = Scam?,* Reddit (2020), https://www.reddit.com/r/personalfinance/comments/gzsrxl/donotpay_scam/.

[28] *Id.*

[29] *Id.*

[30] *See* Appendix for a list of consumer complaints regarding Defendant's misleading sign-up and cancellation scheme.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

40.     **Defendant's Purported Method of Cancellation Violates the ARL**. Defendant provides instructions to consumers on how to cancel their services, which are located deep within their Terms of Service. The relevant section, which is not emphasized or highlighted, requires consumers to send an email to support@donotpay.com and explain their intention to cancel. [31] However, this placement of the cancellation method, concealed from consumers, is non-compliant with the law that requires the Defendant to offer an easily accessible pre-formatted email to consumers if they want them to cancel via email.[32]

41.     Defendant did not email the Plaintiff or other consumers with its Terms of Service during sign-up. Therefore, consumers must proactively search for and locate the Terms of Service themselves, and then read through them to find the cancellation information.

42.     In those instances where a consumer does discover the email address for cancellation and emails Defendant, they are often ignored, and if a reply is received, the consumer may still be charged in the following billing cycle. Therefore, even following Defendant's cancellation process does not guarantee successful cancellation of services.

43.     Defendant's failure to clearly notify consumers of its service details, costs, automatic charges, and cancellation policies misleads consumers in violation of the ARL and California's consumer protection laws.

## V.     CLASS ALLEGATIONS

44.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The "Class" which Plaintiff seeks to represent comprises:

---

[31] *Terms of Service and Privacy Policy*, DoNotPay (last updated Feb. 14, 2023), https://donotpay.com/learn/terms-of-service-and-privacy-policy/.

[32] *See* Cal. Bus. & Prof. Code § 17602 ("an immediately accessible termination email formatted and provided by the business that a consumer can send to the business without additional information.").

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

"All California residents who purchased Defendant's services from Defendant's website within the four years prior to the filing of this complaint through the present."

45.   Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

46.   Defendant and its employees or agents are excluded from this Class. The exact number of members in the Class remains unknown to Plaintiff, but Plaintiff believes the Class members number in the thousands, if not tens of thousands.[33] The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

47.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant charged Plaintiff and Class Members' payment method for an automatic renewal or continuous service without first obtaining Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*;

b. Whether Defendant failed to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner

---

[33] Jeff Burke, *DoNotPay: The Robotic Lawyer Fighting For Consumers and Driving Institutional Transparency*, Jeff's Newsletter (July 15, 2021), https://jeffburke.substack.com/p/donotpay-the-robotic-lawyer-fighting (Stating that DoNotPay has over 3 million subscribers, per a 2021 Tweet from the company's founder, Joshua Browder).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*;

c. Whether Defendant failed to provide Plaintiff and Class Members with a purchase acknowledgement including auto-renewal terms, cancellation policy, and cancellation instructions in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*;

d. Whether Defendant failed to provide Plaintiff and Class Members with an easy online cancellation method in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*;

e. Whether Defendant's conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

f. Whether Defendant used deceptive representations in connection with the sale of the services in violation of Civil Code section 1750, *et seq.*;

g. Whether Defendant represented the services have characteristics or quantities that it does not have in violation of Civil Code section 1750, *et seq.*;

h. Whether Defendant advertised the services with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq.*;

i. Whether Defendant's advertising of the services is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

j. Whether Defendant knew or by the exercise of reasonable care should have known its advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

k. Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

l.  Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

m.  Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*

n.  Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class members;

o.  Whether, as a result of Defendant's conduct, Plaintiff and the Class are entitled to damages and relief.

48.  Plaintiff's claims are typical of the claims of the proposed Class, as Plaintiff and the Members of the Class were harmed by Defendant's uniform unlawful conduct.

49.  Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

50.  Plaintiff and the Class have suffered injury in fact as a result of Defendant's false, deceptive, and misleading representations.

51.  Plaintiff would not have purchased the services or created a DoNotPay account if he knew that the services would automatically renew and he would be billed without his consent, even after attempting to cancel, or that attempting to cancel would be as confusing and near impossible.

52.  The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

53.  A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

54. The litigation and resolution of the Class's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

55. Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Members of the Class that would establish incompatible standards of conduct for Defendant.

56. Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class Members will continue to suffer losses and Defendant (and similarly situated companies) will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

57. Furthermore, Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

58. The statutes of limitations for the causes of action pled herein vary. For instance, the limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the ARL, FAL, and CLRA. Class members who purchased the services more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.

59. In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein.  It includes, for

example, Defendant's overall unfair marketing scheme to promote its services in order to gain an unfair advantage over competitors and to take advantage of consumers' desire for services that comport with its representations. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements related to representations and omissions related to services at issue). Thus, Plaintiff and Class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

60. Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to engage in practices in violation of the ARL and California's consumer protection laws by misrepresenting the nature of its payment scheme and failing to inform consumers and acquire consent related to the auto-renewal nature of its services and for failing to provide consumers an easy cancellation method. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures is necessary to dispel the public misperception about the services that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would be in compliant with ARL requirements. An injunction requiring compliance with the ARL to dispel the public's misperception and prevent the ongoing deception associated with Defendant's services, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is unable at present to accurately quantify the damages caused by Defendant's future harm, rendering injunctive relief all the more necessary.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of future service sales, and the amount of future service sales.

61.   Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

62.   Lastly, this is the initial complaint and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine all available and unavailable remedies, including legal and equitable, for Plaintiff's individual claims and any certified class. Plaintiff therefore reserves his right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies exist for either Plaintiff and/or any certified class. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## COUNT ONE

## VIOLATION OF CALIFORNIA AUTOMATIC RENEWAL LAW
## BUSINESS & PROFESSIONS CODE SECTION 17600, *et seq.*

63.   Plaintiff, individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

64.   California's Automatic Purchase Renewals law exists to "end the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." *See* Cal. Bus. & Prof. Code § 17600 (West).

65.   Through this section of the code, it is unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to, among

other things: (1) fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled; (2) charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer; (3) fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; or (4) fail to allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately. *See* Cal. Bus. Prof. Code § 17602(a)(1-3), (d).

66.   Furthermore, § 17603 of the Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in § 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

67.   Plaintiff and all similarly situated Class Members are consumers within the meaning of Cal. Bus. Prof. Code § 17601(d).

68.   Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, *et seq.* (the "ARL"), to California consumers and the general public.

69. At the end of the term of service, Plaintiff and Class Members had their credit card, debit card, or account automatically renewed for an additional term, and as such is an automatic renewal plan within the meaning of Cal. Bus. Prof. Code § 17601(a). Furthermore, the paid services continue charging consumers until cancelled, and therefore were and continue to be service plans or arrangements as defined by Cal. Bus. Prof. Code § 17601(e).

70. Defendant makes automatic renewal or continuous service offers to California consumers, including Plaintiff and putative Class Members, in violation of the ARL by:

a. Failing to present Defendant's automatic renewal offer terms or continuous services offer terms in a **clear and conspicuous** manner, before the subscription or purchasing agreement if fulfilled and in visual proximity, to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*[34]

b. Failing to attain consumers' affirmative consent to the automatically renewing scheme prior to charging consumers, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

c. Failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

d. Failing to provide a cancellation method that allows consumers to cancel their offer exclusively online, in the form of a prominently

---

[34] Cal. Bus. & Prof. Code § 17601 ("'Clear and conspicuous' or 'clearly and conspicuously' means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language.").

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

located direct link or button located within a customer account or profile, device, or user settings, or an immediately accessible, pre-formatted termination email, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

71.   Plaintiff and the putative Class have suffered an "injury in fact" and have lost money and/or property as a result of Defendant's: a) failure to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer; b) charging to the consumer's credit or debit card or the consumer's account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal or continuous service offer terms; c) failure to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and d) failure to provide an easy online cancellation method, as well as failure to provide either a prominently located button on Defendant's consumer profiles or a formatted termination email provided by Defendant for easy cancellation, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

72.   In fact, Defendant's scheme is set up so that, when attempting to sign up for Defendant's services, consumers are taken to a page where the terms are written in small font and are not adequately bolded or highlighted so as to draw the attention of consumers. Moreover, Defendant displays its massive "START MEMBERSHIP" button at the bottom of the page, away from the terms, and highlights this button in a stark, vibrant green color. It is by far the most eye-catching part of the page, and easily distracts consumers from reading the terms which are written in small font above.

//

73.   The   material   circumstances   surrounding   the   above-mentioned experiences by Plaintiff were the same, or nearly the same, as the other Class Members Plaintiff proposes to represent, and Plaintiff and all putative Class Members were required to pay, and did pay, money for these services marketed and sold by Defendant.

74.   As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers. Plaintiff and Members of the Class are entitled to and seek restitution.

75.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT TWO

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
## BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*

76.   Plaintiff individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

77.   "Unfair competition" is defined by Cal. Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," three of which are at issue here: (1) an "unfair" business act or practice, (2) an "unlawful" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

78.   By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unfair, (b) fraudulent, and (c) unlawful business practices prohibited by Bus. & Prof. Code § 17200 *et seq.*

### A.   "Unfair" Prong

79.   Under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1   any benefits provide to consumers and the injury is one that the consumers themselves

2   could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal.

3   App. 4th 1394, 1403 (2006).

4       80.   Defendant's actions and representations constitute an "unfair" business

5   act or practice under § 17200 in that Defendant's conduct is substantially injurious to

6   consumers, offends public policy, and is immoral, unethical, oppressive, and

7   unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable

8   to such conduct.

9       81.   Without limitation, it is an unfair business act or practice for Defendant

10  to knowingly or negligently fail to adequately disclose the terms of Defendant's

11  automatic renewal offers and continuous service offers, as set forth by Cal. Bus. &

12  Prof. Code § 17600, *et seq*. It is a likewise unfair business act or practice to fail to

13  present consumers with a cancellation button or pre-formatted and immediately

14  accessible email to cancel their services, as set forth by Cal. Bus. & Prof. Code §

15  17600, *et seq*.

16      82.   As set forth above, Defendant has committed acts of unfair competition

17  as defined by Cal. Bus. & Prof. Code § 17200 *et seq*., as alleged in further detail above

18  and herein.

19      83.   Consumers cannot avoid any of the injuries caused by Defendant's

20  conduct as alleged herein.

21      84.   The injuries caused by Defendant's conduct as alleged herein outweigh

22  any benefits.

23      85.   Defendant could have furthered its legitimate business interests in ways

24  other than by unfair conduct.

25      86.   All of the conduct alleged herein occurs and continues to occur in

26  Defendant's business. Defendant's wrongful conduct is part of a pattern or

27  generalized course of conduct repeated on approximately thousands of occasions.

28  Defendant continues to make automatic renewal offers and continuous service offers

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

in the manner described above and herein, in violation of Cal Bus. & Prof. Code § 17600, *et seq.* and Cal Bus. & Prof. Code § 17200, *et seq.* Likewise, Defendant continues to hide or obscure methods through which their services can be canceled, in violation of Cal Bus. & Prof. Code § 17600, *et seq.* and Cal Bus. & Prof. Code § 17200, *et seq.*

87.    Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unfair business practices.

88.    Plaintiff and the Class have suffered injury-in-fact and have lost money or property as a result of Defendant's unfair conduct. Plaintiff relied on and made his purchasing decision in part based on Defendant's representations regarding the nature of the services Defendant offered, as well as the fact that it was a one-time payment that would not auto-renew.  Plaintiff would not have purchased the service if he knew that the services would automatically renew, and he would be charged without his affirmative consent. Furthermore, Plaintiff would not have purchased the service if he knew how difficult it would be to cancel Defendant's services. Likewise, Plaintiff and the members of the Class seek an order mandating that Defendant implement adequate automatic renewal offer and continuous services offer practices, as well as proper cancellation methods. Additionally, Plaintiff and the members of the Class seek and request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of Defendant's unfair and unlawful practices.

### B.    "Fraudulent" Prong

89.    California Business and Professions Code § 17200, *et seq.* considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

90.   Defendant's representations about their products and services, as alleged in the preceding paragraphs, are false, deceptive, misleading, and unreasonable and constitute fraudulent conduct.

91.   Defendant knew or should have known of its fraudulent conduct.

92.   As alleged in the preceding paragraphs, the material misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code § 17200.

93.   Defendant could have adequately disclosed the terms of its automatic renewal or continuous services to consumers and sought consumers' affirmative consent before charging them for automatic renewal of its services, and could have sent them correspondences which explained the terms of the service they were paying for. Likewise, Defendant could have set up a clear cancellation process for consumers to utilize, and could have set it up such that when a consumer does cancel their services, they are not charged again.

94.   Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

95.   Pursuant to Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising about the single-purchase nature of the service, and seek an order enjoining Defendant from continuing to hide or otherwise obscure the methods a consumer can take to successfully cancel their services. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations.

96.   Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court compelling Defendant to implement adequate automatic renewal and continuous service offer practice in accordance with the California Automatic Renewal Law. This includes, but is not limited to: accurately advertising what services Defendant can provide to consumers, properly presenting

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

the terms of the auto-renewal agreement to consumers in a clear and conspicuous manner and obtaining the consumer's affirmative consent to those terms before charging them for their purchase, providing a payment acknowledgement that includes the service offer terms, cancellation policy, and information regarding how to cancel in a manner capable of being retained by the consumer, and providing an easy online cancellation method to consumers in the form of either a prominently located button on Defendant's consumer profiles or a pre-formatted and immediately accessible termination email provided by Defendant for easy cancellation.

### C.   "Unlawful" Prong

97.   California Business and Professions Code § 17200, *et seq.*, identifies violations of any state or federal law as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

98.   As a result of Defendant's acts and practices in violation of California's Automatic Renewal Statute, Cal. Bus. & Prof. Code § 17600, *et seq.*, Defendant has violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

99.   Defendant's conduct, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes unlawful conduct.

100.   Defendant knew or should have known of its unlawful conduct.

101.   As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code § 17200.

102.   Defendant could have furthered its legitimate business interests in ways other than by its unlawful conduct.

//

//

CLASS ACTION COMPLAINT

103. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions.

104. Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unlawful business practices.

105. Plaintiff and the Class have suffered injury-in-fact and have lost money or property as a result of Defendant's unfair conduct. Plaintiff relied on and made his purchasing decision in part based on Defendant's representations regarding the single-purchase nature of the services, and the ease with which the services could be cancelled. Plaintiff accordingly provided payment to Defendant reasonably believing and expecting that the services would not automatically renew and that his affirmative consent would be required for him to be charged again. Plaintiff would not have purchased the services or created a DoNotPay customer account if he knew that the services would automatically renew, and he would be charged without his affirmative consent. Likewise, Plaintiff and the members of the Class seek an order mandating that Defendant implement adequate automatic renewal offer and continuous services offer practices. Moreover, Plaintiff and the members of the Class seek an order mandating that Defendant implement clear and conspicuous cancellation methods which consumers can access to cancel their services from. Additionally, Plaintiff and the members of the Class seek and request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of Defendant's unfair and unlawful practices.

## COUNT THREE

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
## BUSINESS & PROFESSIONS CODE SECTION 17500, *et seq.*

106. Plaintiff individually and on behalf of the Class, herein repeats, realleges and fully incorporates all allegations in all preceding paragraphs.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

107. This cause of action is brought pursuant to Cal. Bus. & Prof. Code § 17500, *et seq.*, on behalf of Plaintiff and the Class.

108. Defendant in its advertising of the services makes false and misleading statements regarding the quality and characteristics of the services, particularly that the services will not auto-renew without affirmative consent, and that the services are able to be cancelled with ease and without complication.

109. Defendant's representations about the services lead reasonable consumers to believe that the services require a one-time payment of $36 that can be easily cancelled.

110. Defendant does not have any reasonable basis for its service representations.

111. Defendant knew or should have known that its service representations are false and misleading.

112. Plaintiff would not have purchased the services but for the representations by Defendant that the services offered would not auto-renew without adequate notice of this scheme, and that the services would be easy to cancel.

113. Plaintiff and the Class have suffered injury in fact and lost money as a result of and in reasonable and detrimental reliance upon Defendant's false representations.

114. As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of Cal. Bus. & Prof. Code § 17500.

115. In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity regarding its services which are not as represented constitutes unfair competition, unfair, deceptive, untrue, or misleading advertising, and an unlawful business practice within the meaning of Cal. Bus. & Prof. Code § 17200, which advertisements have deceived and are likely to deceive the public, in violation of Cal. Bus. & Prof. Code § 17500.

**COUNT FOUR**

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**

**CALIFORNIA CIVIL CODE SECTION 1750,** *et seq.*

116.  Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

117.  The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods or services.

118.  Defendant's unlawful conduct described herein was intended to increase sales to the consuming public and violated and continue to violate Section 1770(a)(5), (a)(7), and (a)(9) of the CLRA by representing that the products/services have characteristics and benefits which they do not have.

119.  Pursuant to California Civil Code, section 1782, on April 19, 2023, Plaintiff, on Plaintiff's behalf and on behalf of members of the Class, notified Defendant of its alleged violations of the CLRA via U.S. Certified Mail.

120.  Defendant fraudulently deceived Plaintiff and the Class by representing that its products/services have certain characteristics, benefits, and qualities which they do not have, by having the services auto-renew without the consumer's affirmative consent and without adequate notice, and by making it hard or impossible to cancel the services by not presenting consumers with a cancellation button or pre-formatted and immediately accessible email the consumer can use to cancel their services.

121.  Defendant fraudulently deceived Plaintiff and the Class by Representing that goods/services are of a particular standard, quality, or grade, or that they are of a particular style or model, if they are of another, as represented above.

122.  Defendant fraudulently deceived Plaintiff and the Class by advertising goods or services with intent not to sell them as advertised, by having the services auto-renew without the consumer's affirmative consent and without adequate notice, and by making it hard or impossible to fully cancel the services.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

123. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class, specifically by having the services auto-renew without the consumer's affirmative consent and without adequate notice, and by making it hard or impossible to cancel the services. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

124. Defendant's claims about the services led and continue to lead consumers like Plaintiff to reasonably believe that Defendant's services are going to be a one-time payment of $36 that will not auto-renew without the consumer's affirmative consent and without adequate notice, as well as believe that the service can be easily cancelled.

125. Plaintiff and the Class have suffered injury in fact as a result of and in reliance upon Defendant's false representations.

126. Plaintiff and Class would not have purchased or used the services had they known that the services actually auto-renew without their consent and without adequate notice, and known that the service would be nearly impossible to cancel.

127. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

128. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct.

129. Pursuant to Section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant. Plaintiff shall be irreparably harmed if such an order is not granted.

## COUNT FIVE

## UNJUST ENRICHMENT

130. Plaintiff repeats and re-alleges the allegations set forth above and incorporates the same as if set forth herein at length.

CLASS ACTION COMPLAINT

131. Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

132. By means of Defendant's wrongful conduct alleged herein, Defendant knowingly offered and sold services to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

133. Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

134. As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

135. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

136. Plaintiff and members of the Class have no adequate remedy at law.

137. Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, for selling its services to Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances constitutes unjust enrichment.

138. The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

a.    **Certification**: For an order certifying this action as a class action, appointing Plaintiff as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

b.    **Declaratory Relief**: For an order declaring that Defendant's conduct violates the statutes and laws which underpin this action;

c.    **Injunction**: For an order enjoining Defendant from continuing to market, advertise, distribute, and sell its services in the unlawful manner described herein and requiring all further and just corrective action, consistent with permissible law and pursuant to only those causes of action so permitted;

d.    **Damages/Restitution/Disgorgement**: For an order awarding monetary compensation in the form of damages, restitution, and/or disgorgement to Plaintiff and the Class, consistent with permissible law and pursuant to only those causes of action so permitted;

e.    **Attorneys' Fees and Costs**: For an order awarding attorneys' fees and costs, consistent with permissible law and pursuant to only those causes of action so permitted;

f.    **Pre/Post-Judgment Interest**: For an order awarding pre-judgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

g.    **All Just and Proper Relief**: For such other and further relief as the Court deems just and proper.

//

//

//

//

//

//

//

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: April 19, 2023                           **CLARKSON LAW FIRM, P.C.**

                                                 */s/ Bahar Sodaify*
                                                 Ryan J. Clarkson, Esq.
                                                 Bahar Sodaify, Esq.
                                                 Alan Gudino, Esq.
                                                 Ryan D. Ardi, Esq.

                                                 *Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT